IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

MAONGO SAINT PAUL EMEDY                  §

VS.                                                              §                    CIVIL ACTION NO. 1:26-cv-240

DEPARTMENT OF HOMELAND SECURITY§

ORDER

Petitioner Maongo Saint Paul Emedy, an inmate confined at IAH Secure Adult Detention Facility located in Livingston, Texas, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

Petitioner, a native of the Democratic Republic of Congo, brings this Petition for Writ of Habeas Corpus challenging his detention.  Petitioner argues that his prolonged detention has become unreasonable and violates the Due Process Clause of the Constitution.  Additionally, petitioner complains of alleged inhumane conditions of confinement at the facility.

Federal Rule of Civil Procedure 21 allows the court to sever claims originally brought in the same action.  The rule provides that "[t]he court may . . . sever any claim against a party."  FED. R. CIV. P. 21.  The decision whether to sever is discretionary with the court.  *Hammons v. Adams*, 786 F.2d 1253 (5th Cir. 1986).

The writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact or duration of confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A civil rights action, on the other hand, is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement.  *See Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987).  A finding that the conditions of his confinement are unconstitutional will not result in a speedier release for petitioner.   Thus, petitioner's claim that the conditions of confinement are unconstitutional do not challenge the fact or duration of his confinement.  Accordingly, such claim must be brought in a civil rights action instead of a Petition for Writ of Habeas Corpus.

After reviewing all relevant factors, it is the opinion of the undersigned that petitioner's claim concerning the alleged unconstitutional conditions of confinement should be severed from this action into a separate civil rights action. It is therefore

**ORDERED** that Petitioner's claim of alleged unconstitutional conditions of confinement is **SEVERED** from this action and shall proceed as a separate civil rights action. Only Petitioner's habeas claims challenging his detention shall remain in this Petition. The resulting civil rights action should be assigned according to the regular practice for allotment of newly-filed civil actions.

SIGNED this 20th day of July, 2026.

Zack Hawthorn
United States Magistrate Judge