IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

MAONGO SAINT PAUL EMEDY                    §

VS.                                        §                    CIVIL ACTION NO. 1:26-cv-240

DEPARTMENT OF HOMELAND SECURITY§

<u>MEMORANDUM OPINION AND ORDER REGARDING TRANSFER</u>

Petitioner Maongo Saint Paul Emedy, an inmate confined at the IAH Secure Adult Detention Facility located in Livingston, Texas, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Discussion</u>

Petitioner, a native of the Democratic Republic of Congo, brings this Petition for Writ of Habeas Corpus challenging his detention. Petitioner argues that his prolonged detention has become unreasonable and violates the Due Process Clause of the Constitution.

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). As a general rule, jurisdiction for habeas petitions challenging present physical confinement lies in only one district: the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). A § 2241 Petition must be filed in the district where the Petitioner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). Thus, only the district court where the Petitioner is confined at the time the Petition is filed has jurisdiction to entertain the § 2241 Petition. *Id.*

Petitioner was confined in the IAH Secure Adult Detention Facility located in Livingston, Texas when he filed the Petition and where he remains.  The city of Livingston is located Polk County, Texas which is in the Lufkin Division of the Eastern District of Texas.  The Petition, however, was inadvertently filed in the Beaumont Division of the court instead of the Lufkin Division.  While jurisdiction is proper in the Eastern District of Texas, the court has considered the circumstances and has determined that the interests of justice would best be served if this Petition were transferred to the division in which Petitioner is confined.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since Petitioner challenges his physical confinement in the Lufkin Division, all records and witnesses involving this action most likely will be located in the Lufkin Division.  Thus, the transfer of this action to such division would further justice.  Therefore, it is the opinion of the undersigned that this petition should be transferred to the Lufkin Division.  Accordingly, it is

**ORDERED** that the Clerk will **TRANSFER** this action to the Clerk of the Lufkin Division of the United States District Court for the Eastern District of Texas.

SIGNED this 20th day of July, 2026.

_____
Zack Hawthorn
United States Magistrate Judge

2